[Civ. No. 779. Second Appellate District.—June 15, 1910.]

BARBER ASPHALT PAVING COMPANY, a Corporation, Respondent, v. THE SANTA BARBARA ICE COMPANY, a Corporation, Appellant.

SALE OF ASPHALT IN BOXES—PLEADING—COUNTS—EXPRESS PROMISE—REASONABLE VALUE—DEBT—CONSISTENT FINDINGS—SURPLUSAGE.—In an action for the sale of one hundred and eighty-eight boxes of asphalt mixture by plaintiff to defendant, where the first count of the complaint was upon an express promise to pay therefor $2.25 per box, amounting to $423, and the second count was for the reasonable value of the material and labor done in their preparation at the same price and amount, and the third count was in debt for the same amount, findings in favor of plaintiff upon all three counts were not in conflict so as to warrant a reversal; but the finding upon the first count is sufficient to support the judgment, and the other findings, not being in conflict therewith, may be treated as surplusage.

ID.—PROMISE TO PAY FIXED SUM—LIABILITY NOT AVOIDED BY MODE OF FIXING VALUE.—If one promises to pay a fixed sum for articles furnished him by another, he cannot avoid liability, in the absence of fraud or misrepresentation, because it may appear that the articles were not worth, in a crude state, the sum agreed to be paid, but were only of such value with the labor of putting them in position.

ID.—SUPPORT OF FINDINGS.—Where there was some evidence which warrant the court in finding that the goods were furnished at the request of the defendant, under a promise to pay therefor a fixed sum, this court cannot disturb such findings.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Day & Day, for Appellant.

W. P. Butcher, and C. A. Storke, for Respondent.

ALLEN, P. J.—The record presented upon this appeal is somewhat confusing. It appears therefrom that on February 17, 1909, the plaintiff filed its complaint containing two counts, the first thereof alleging that between certain dates named plaintiff furnished one hundred and eighty-eight boxes of asphalt mixture and laid the same on the streets of Santa Barbara at defendant's instance and request; that defendant promised to pay plaintiff therefor the sum of $2.25 per box, amounting to $423 in all. In the second count it is alleged that between the same dates such material was furnished and that the same, and the labor of laying the same on the streets, was reasonably worth $2.25 per box, amounting to $423 in all.

To this complaint a demurrer was interposed. It seems that on March 15th the demurrer was sustained by the court, and in the same order defendant was given ten days to answer. A minute entry, however, appears in the record to the effect that upon the same date of the rendering of the decision upon the demurrer, plaintiff was permitted to amend its complaint by inserting the words, "to the defendant," in an appropriate place, so that the complaint read that between the dates named the plaintiff furnished to the defendant the articles; and the same correction appears in the second count.

We think it may be said it appears from the record that this amendment was permitted and made after the order was made sustaining the demurrer, and that thereafter the complaint as amended was before the court. No demurrer was interposed to the complaint as amended, and an answer was duly filed, which was a denial that the goods and merchandise were furnished to defendant, and denies a promise to pay therefor. Thereafter, an attempt was made to file another amendment to the complaint, the sufficiency of which as a count in debt is open to question. The cause proceeded to

trial, however, upon the issues as presented, and the court found that plaintiff did furnish and lay on the streets at defendant's instance and request the goods and merchandise, and defendant promised to pay for the same the sum of $2.25 a box; further, that between the dates named plaintiff furnished, at defendant's instance and request, the articles, and that the articles furnished and the labor of laying the same were reasonably worth $2.25 a box; further, that the matters set out in the third cause of action were true.

Judgment was rendered in favor of plaintiff for the sum of $423 and costs. Motion for new trial was filed, which was denied, and from the judgment and order denying a new trial defendant appeals.

We think the first and second counts as amended each state a cause of action. It is obvious that these counts each relate to the same matter and are an attempt to declare upon a liability growing out of the same transaction for the identical goods sold. The findings are to the effect that the goods and merchandise were laid on the streets at the request of defendant, and that defendant promised to pay the sum of $423 therefor, and also that the articles furnished and the work and labor thereof were reasonably worth $423. We do not regard the finding of a promise to pay and the finding of the reasonable value of the goods to be so inconsistent as to warrant a reversal. Neither would the finding on the attempted count in debt justify a reversal, assuming it to be not in proper form. The finding of a promise to pay is sufficient to support the judgment, regardless of the finding as to the value, and the finding that the materials and the labor of laying the same were reasonably worth the amount which the defendant originally promised to pay for the materials alone is not in conflict with the first finding; neither is the third finding in conflict with the first or second. There being one finding sufficient to support the judgment, the others, not being in conflict, may be treated as surplusage. If one promises and agrees to pay a fixed sum for articles furnished him by another, he cannot avoid liability, in the absence of fraud or misrepresentation, because it may appear that the articles were not worth in a crude state the sum agreed to be paid, but were only of such value with the labor of placing them in position. In addition to this, there is no denial of the value of the materials fur-

nished. The only issues presented were as to the actual furnishing and the promise to pay, as to both of which matters the court found against appellant.

Appellant insists further that the evidence is not sufficient to support the findings. An examination of the record, however, discloses that there was some evidence which warranted the court in finding that the goods were furnished at the request of defendant under a promise to pay therefor a fixed sum, and we cannot, therefore, interfere with the findings of the court in that regard.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.